# CHARLESTON.

STATE *ex rel.* M. Z. WHITE, RELATOR, v. COUNTY COURT OF·
MINGO COUNTY.

Submitted May 17, 1920.   Decided May 18, 1920.

1.  MANDAMUS—*Remedy Under Statute to Compel Registrars and County Courts to Make Proper Registration.*

Mandamus is given by statute as a remedy to compel registrars and county courts to make proper registration of voters for election purposes.   (p. 518).

2.  SAME—*Citizen, Voter and Taxpayer May Invoke Writ to Compel Proper Registration.*

Such registration being a public matter, a citizen, voter and· taxpayer has such interest in it as enables him to invoke mandamus to compel proper performance thereof by the officers charged with the duty.   (p. 518).

·3  ELECTIONS—*County Court Should Compel a Registrar to Include Names Included by Another Registrar Before Revising Registration for That Precinct.*

If registrars disagree about the eligibility of voters for registration, when proceeding or acting under section 98a (3), ch. 3, Code 1918, in consequence of which the list of one contains names not on the other, and the registrar from whose list the names in question have been omitted has refused to put them on, it is the duty of the county court to do so, before it begins the work of revision and correction of the registration for that precinct.   (p. 518).

(LYNCH, JUDGE, absent).

Original mandamus by the State, on the relation of M. Z. White, against the County Court of Mingo County and others.

                                                *Writ awarded.*

*Goodykoontz, Scherr & Slaven,* for relator.
*W. H. Bronson,* for respondents.

POFFENBARGER, JUDGE:

The registrars of voters in three precincts in Mingo County have disagreed as to the eligibility of persons for registration, in their procedure under section 98a (3), ch. 3, Code 1918, the

names on one list for one precinct exceeded those on the other by about 150, in another precinct by about 23, and in another by about 15. Instead of adding these names to the duplicate or other lists, the county court of that county requires the eligibility of each omitted person to be shown as a condition precedent to entry of his name on the list from which it was omitted. The relator seeks a writ of mandamus requiring that body to reconcile the lists by addition of the omitted names.

Mandamus is a proper remedy, notwithstanding the right of appeal the statute purports to give, for mandamus also is expressly given as a remedy by section 16 of the registration act.

Since registration of voters is a public matter, the relator, as a citizen, voter and taxpayer, has indubitable right to compel performance of the duty.

The duty he seeks to have performed is clearly imposed by the statute. Section 98a (3), ch. 3, Code 1918. An effort is made in argument to limit the statute to cases of complete failure of one registrar to act, but its terms will not bear that interpretation. It says the registrar "so refusing or failing" shall copy the names of persons registered by the other, and makes it the duty of the county court to do so, in case of his refusal. It assumes that he is still registrar. The law plainly contemplates registration of every person either registrar deems eligible, in the first instance, and a weeding out process afterwards. That the other plan might be better is immaterial. The law is to be enforced as the Legislature made it. There will be ample time for the weeding out process, since the general election in which it is most important does not occur until November.

In one precinct, the county court has struck off one name put on by both registrars and then erased by one of them. That name must be restored. The person it designates is entitled to notice and regular procedure. Code 1918, ch. 3, sec. 98a (7).

The relator having shown clear right to the writ, it will be awarded.

*Writ awarded.*